The main issue involved in this case is whether or not the Legislature in enacting Act 99 of 1924 legally withdrew the State land from the redemptive statutes in favor of the land owners where the land was acquired by the State at tax adjudication and the owners failed to redeem it within the prescriptive period provided by law.
Under the construction placed upon the Act by the majority opinion of the Court of Appeal and our interpretation thereof, the State land in question was withdrawn from redemption because it was dedicated for public uses and purposes and for a governmental function several years prior to the time that the plaintiffs attempted to redeem it. Since the State had title to the land at the time the Legislature passed Act 99 of 1924, it had the authority to so dedicate it and, having done so, the land owner was without any right to subsequently redeem it. The constitutional questions presented in argument and brief under the due process clauses of the Constitutions of this State and of the United States are predicated upon the fact that the plaintiffs were still the owners of the property in 1924 and, therefore, the State, through the Legislature, was powerless to take private property for public purposes without due process of law and the payment *Page 402 
of just compensation therefor. As the Court of Appeal and this Court both reached the conclusion that at the time the statutory dedication was made in 1924, the plaintiffs were no longer the owners of the property, the sections and articles of the Federal and State Constitutions relied upon are inapplicable. In short, the State was dedicating the land that it had title to and was not attempting to dedicate private property for a public purpose. This is conclusively shown by the provisions in that statute which authorized the defendant to expropriate private land in the spillway, which was located by the State and Federal engineers. Our decision, as well as the one of the Court of Appeal in this matter, is confined to the particular land in question which was owned by the State and has no reference whatsoever to other lands privately owned in the area designated by the engineers as the spillway.
Counsel for the plaintiffs cite State v. Aucoin, 206 La. 786,20 So.2d 136-146. That case and the authorities therein cited are not applicable here because the statutes there involved required the Levee Board or Districts to receive a certificate of transfer from the Registrar of State Lands and the State Auditor before the Levee Board would acquire title to the State lands. There is no such provision in the statute in question.
It is also stated that the land in controversy should not be included in the spillway because it is high land. It is difficult to imagine a spillway consisting exclusively of low lands because a spillway must necessarily have high lands for the *Page 403 
retaining embankment, otherwise, the flood waters would spread over the lands indiscriminately and defeat the very purpose of a spillway, that is, preventing floods.
For these reasons and those assigned in our original opinion, the application for a rehearing is denied.